◼ WALTER SLEZAK et al., Doing Business as WALDEAN NURSING HOME, Petitioners, v. HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent State Commissioner of Social Services, dated December 21, 1972, which, with respect to petitioners' nursing home at 147 Walworth Avenue, City of White Plains, and after a hearing, refused to grant petitioners "a waiver of the relevant provisions of the Life Safety Code of the National Fire Protection Association (21st Ed., 1967)" and to certify petitioners "as a provider of skilled nursing home care" under the State "Medicaid" program established under title XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396a et seq.). Determination confirmed, without costs (Matter of Miramichi Nursing Home v. Lavine, 42 A D 2d 570). The stay granted in the order to show cause of the Special Term, Westchester County, dated January 8, 1973, instituting this proceeding, which stay is deemed a stay of all action by respondents in furtherance of the determination under review, shall be deemed in effect and continued until four months after entry of the order to be made hereon, and for a further period, conditionally, as follows: 1. If, prior to the expiration of the four-month continuation of the stay, petitioners shall (a) complete the "Specified Corrections" hereinafter set forth and (b) submit to the respondent State Commissioner of Social Services a written application for a waiver and a continued certification as providers of skilled nursing home care, based upon proof of completion of the "Specified Corrections", the stay shall be further continued pending determination by said commissioner of said application, which application we direct shall be granted by him upon ascertainment that the "Specified Corrections" have in fact been made. 2. The Specified Corrections are as follows: (a) Install an automatic sprinkler system throughout the facility in accordance with section 10–234 of the Life Safety Code (21st ed., 1967); and (b) In accordance with the recommendations of Clarence J. Winquist made at the hearing (1) install a cover over the exterior stairway and (2) along the exterior metal stairway path replace glass windows and door-contained glass with wire glass and metal sash. Petitioners are the operators of one of the

"Maxwell" nursing homes (*Maxwell* v. *Wyman,* 458 F. 2d 1146) which were originally decertified by the State Department of Social Services at the end of 1971 for failure to comply with the requirements of the Life Safety Code of the National Fire Protection Association as required by title XIX of the Social Security Act (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subd. [i]; Code of Fed. Reg., tit. 45, § 249.33, subd. [a], par. [1], cl. [vii]). (See *Matter of Maxwell* v. *Lavine,* 41 A D 2d 346.) By Federal court action, however, these decertifications were stayed pending hearings concerning whether a waiver of the applicable sections of the Life Safety Code should be granted (*Maxwell* v. *Wyman, supra*). Waiver is allowed where unreasonable hardship is shown and the waiver will not adversely affect the health and safety of the patients (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subd. [i]), We are of the opinion that there was substantial evidence that petitioners were violating sections 10–1322 and 10–2341 of the Life Safety Code in that their building was not of at least two-hour fire-resistive construction and did not have an automatic sprinkler system. Under the circumstances, a waiver was needed (see *Kruger* v. *Ingraham,* 42 A D 2d 983) and, on the evidence presented at the hearing, the Commissioner of Social Services properly concluded that (as the facility is presently constituted) petitioners had failed to establish that a waiver would not adversely affect the health and safety of the patients (*Matter of Miramichi Nursing Home* v. *Lavine,* 42 A D 2d 570, *supra*). However, we note that the facility has been licensed since 1946. It is protected by an automatic heat detection system with a coded alarm. The alarm alerts the local Fire Department that an emergency is emanating from this nursing home, necessitating extra men and equipment. The White Plains Fire Department is all-professional. Its response time is less than three minutes. Petitioners adduced extensive evidence of other fire protection systems and devices. Clarence J. Winquist, a recognized fire protection engineer, testified that the facility could comply with the intent of the Life Safety Code if it had a full sprinkler system and if certain (minor) corrections were made (see the above-mentioned "Specified Corrections"). Petitioners' counsel asserted at the hearing that petitioners were willing to install a full sprinkler system and make the corrections to the outside stairway, but were never told specifically that they needed a full sprinkler and that installation of such a system would place the facility "into compliance" and eliminate the non-fire-resistive aspect of the building. In fact, counsel noted, this facility, as well as a number of others, had been informed that there was a significant item of noncompliance, to wit: non-fire-resistive construction, and that the position of the State Health Department was that this defect was not waiverable and that no corrections should be made. It was also established that in May and December of 1970 and in November of 1971 petitioners wrote to the State Department of Health pointing out that the facility was not fully sprinklered and asking for "modifications and exceptions". Petitioners never received an answer. Petitioners' application for their current operating certificate was accompanied by one such request (Dec., 1970), but the certificate was issued without any statement concerning the request for modifications and exceptions. The State Hospital Code, which took effect in 1966, does not mandate a sprinkler system. Subdivision (1) of section 711.5 thereof states that "Each existing nursing home shall have a satisfactory sprinkling and/or a fire detecting system with an alarm connection installed in a manner acceptable to the department" (10 NYCRR 711.5, subd. [1]). It is thus clear that although the determination under review must be confirmed, the facility as presently constituted does meet the standards of the State Health Department with respect to non-Medicaid

patients. Under all the circumstances, in the interests of justice, we are granting a limited continuation of the stay in order to afford petitioners an opportunity to promptly make those Life Safety Code corrections which can reasonably be made, i.e., the above-mentioned " Specified Corrections " — which, if originally expressly and clearly required by respondents of petitioners, might have obviated the hearing which was held and these legal proceedings. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.